**V I R G I N I A :**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| John Doe, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:1:15-cv-00209-TSE/MSN |
| | ) | |
| Angel Cabrera, | ) | |
| Brent Ericson, and Juliet Blank-Godlove | ) | |
| | ) | |
|     Defendants. | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
### OF DEFENDANTS' MOTION FOR LEAVE TO EXTEND TIME FOR FILING

The Defendants, Angel Cabrera, Juliet Blank-Godlove and Brent Ericson, respectfully requests this honorable Court to enter an order granting the Defendants leave to file their motion for summary judgment and supporting brief for the reasons contained herein.

On December 23, 2015, the Court entered an order removing the previously scheduled January 19, 2016, trial date and setting a briefing schedule and oral argument for the parties' summary judgment.  See Dkt. 70.  The order scheduled the parties' respective motions and supporting memorandums to be filed by January 15, 2016, 5:00 p.m.  Although undersigned counsel was aware of the January 15, 2016, date as the last day to file motions and supporting briefs for summary judgment, counsel mistakenly believed there was no time set by the Court's order.  Believing the Electronic Case Filing Policies and Procedures midnight deadline applied to the parties' summary judgment motions, counsel filed just prior to midnight on January 15, 2015.  Discovering the embarrassing error, undersigned notified opposing counsel via email on January 17, 2016, of the late filing and further indicated that he would be filing this motion for leave for the Court to accept the late filing.

Rule 6(b) provides two avenues for a party to take when it needs an extension: (1) move for an extension before the expiration of the deadline; or (2) thereafter, move for an extension for "excusable neglect." Fed. R. Civ. P. 6(b)(1).  The Supreme Court has listed four factors that courts should consider when determining whether to grant relief under the ambit of "excusable neglect." The factors are: (1) the danger of prejudice to the adverse party; (2) the length of the delay; (3) whether the delay was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Chamblee v. Old Dominion Sec. Co., L.L.C.*, 2014 U.S. Dist. LEXIS 50726, 7-8 (E.D. Va. Apr. 10, 2014).

The seven hour delay of Defendants' filings is a relatively short time and should not place Plaintiff in any foreseeable position of undue hardship or disadvantage. Counsel did not view opposing Plaintiff's brief prior to the filing of Defendants' motion and supporting brief.  Upon learning of the missed deadline, undersigned counsel acted in good faith and notified opposing counsel and now the Court regarding the delayed filing by this motion.  Undersigned counsel notified opposing counsel of his illness on January 14, 2016, a day before summary judgment motions were due.

Due to this respiratory infection(s), counsel has taken off five days from work to rest. Counsel has visited his primary physician, who prescribed an antibiotic which undersigned counsel took as instructed.  More recently, after having difficulty breathing and chest pains, counsel went to the emergency room where the physician prescribed a more powerful antibiotic along with a prescribed Proventil inhaler. [1]

On January 12, 2016, counsel's infection symptoms returned and were more severe.  The symptoms included severe congestion in the lungs, chills, sporadic fever, insomnia, and

---

[1] Counsel can produce records from both his primary and emergency room visit.

physical/mental exhaustion.[2]  As the week progressed, so did the severity of the infection.  In addition to general fatigue, undersigned counsel was mentally exhausted which, at times, caused lapses of memory and confusion.[3]  For instance, on Thursday, January 14, counsel forgot to forward corrected deposition transcripts with the fictitious names to opposing counsel that were sent earlier in the day to the undersigned counsel.  After opposing counsel reminded the undersigned counsel, later Thursday evening counsel emailed opposing counsel  apologizing  for not sending the transcripts earlier and referred to his respiratory infection implicitly explaining why it wasn't sent earlier to opposing counsel.  The undersigned counsel is typically extremely cautious in checking and re-checking deadlines in this Court, however, undersigned was uncharacteristically unmindful given the resurgence of his respiratory infection and related symptoms.  Undersigned counsel believes that, but for the illness which was outside of counsel's control, he would have reviewed the Court's scheduling order last week and filed the motion and brief in support of the motion at 4:59 last Friday in accordance with the Court's briefing schedule.

Alternatively, in the interest of justice and judicial economy, the Court should allow the late filing.  If there is no material facts in dispute, and Defendants are entitled to judgment as a matter of law, denying Defendants leave to file their motion for summary judgment could result in an unnecessary trial if Plaintiff's motion is not successful on its own.  Defendants still have an opportunity to present an opposition brief with supporting affidavits and records, which will most likely include the same supporting affidavits and exhibits submitted by Defendants in their motion for summary judgment.  Allowing the Defendants leave not only saves the Court and the parties'

---

[2] Undersigned counsel may have acquired a new infection, as the previous work week, undersigned counsel had little, if any, symptoms and believed the worst part of the infection was over.
[3] In addition to counsel's error on the time deadline, counsel will be submitting an errata sheet for minor, but obvious mistakes found in the summary judgment brief.

resources, it will allow all the parties' arguments and facts to be considered by the Court at the same time at one hearing hopefully bringing finality to this civil case.

For the reasons contained herein, Defendants respectfully request this honorable Court to enter an order granting the Defendants leave to file their motion for summary judgment and supporting brief and to treat their filings as timely.

\_\_\_\_\_/s/_____
David Drummey, Asst. Atty. Gen.
VSB # 44838
Attorney for Defendants, Angel Cabrera, Juliet Blank-Godlove and Brent Ericson
George Mason University
4400 University Drive, MS 2A3
Fairfax, VA 22030
Phone: (703) 993-2619
Fax: (703) 993-2340
ddrummey@gmu.edu

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on the 19th day of January, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

       Justin Dillon
       Kaiser, LeGrand & Dillon, PLLC
       1400 Eye Street, NW, Suite 225
       Washington, DC 20005


       _____/s/_____
       David Drummey
       Virginia Bar Number 44838
       Attorney for the Defendants Angel Cabrera, Juliet Blank-Godlove
       and Brent Ericson
       George Mason University
       4400 University Drive, MS 2A3
       Fairfax, VA 22030
       Phone: (703) 993-2619
       Fax: (703)993-2340
       ddrummey@gmu.edu